UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

JULIO A.P.,

                Plaintiff,

      v.                                      **DECISION AND ORDER**
                                                        23-CV-624-A

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                Defendant.

───────────────────────────────

## I.    BACKGROUND

The Plaintiff Julio A. P. brings this action against the Commissioner of Social Security (hereinafter the "Commissioner"), seeking judicial review of the Commissioner's determination denying his application for supplemental security income ("SSI") benefits, pursuant to 42 U.S.C. §405(g). Plaintiff (ECF 8) and Defendant (ECF 10) filed cross-motions for judgment on the pleadings. For the reasons set forth below, plaintiff's motion for judgment on the pleadings (ECF 8) is **GRANTED** to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The Commissioner's opposing motion for judgment on the pleadings (ECF 10) is **DENIED**.

Plaintiff filed an application for supplemental security income (SSI) on October 13, 2020, alleging disability beginning January 1, 2016. (T. 490, 570).[1] The application was denied. (T. 607-17). A hearing was held before ALJ Erik Eklund on April 19, 2022. Both Plaintiff, who appeared with counsel, and Vocational Expert (VE) Jessica Kennard testified at that hearing. (T. 541-67). On April 22, 2022, the ALJ issued an unfavorable decision finding Plaintiff not disabled. (T. 490-503). The ALJ's decision became final when, on May 3, 2023, the Appeals Council denied Plaintiff's request for review. (T. 1-4). This action ensued.

## II.   FACTS

Here, the ALJ summarized Plaintiff's medical records and determined that Plaintiff had the following sever impairments: bipolar and depressive disorders with schizoaffective features, anxiety disorder, posttraumatic stress disorder (PTSD), diabetes with neuropathy, bilateral hernias with status post hernia repairs, left acromioclavicular joint osteoarthritis, and obesity. (T. 493).

Plaintiff was born in May 1970 and stopped school after sixth grade. (T. 546-547). His only prior past relevant work experience was as an auto detailer. (T. 501). The ALJ determined that while Plaintiff was unable to perform his past relevant work. (T. 501). However, the ALJ determined that Plaintiff did have the following:

---

[1] References herein preceded by "T." are to Bates-stamped pages contained in the two-volume, consecutively paginated administrative record which has been filed on the Docket in this case. Part 1 of that administrative record, containing Bates-stamped pages 1 through 1202, is filed at ECF 7. Part 2 of that administrative record, containing Bates-stamped pages 1203 through 1516, is filed at ECF 6.

> [T]he residual functional capacity ("RFC") to perform light work as defined in 20 CFR 416.967(b) except: he can never crawl, but can occasionally stoop, crouch, kneel, climb ramps, stairs, ladders, ropes, or scaffolds; frequently perform foot control operations; frequently push or pull with the left upper extremity; and less than occasionally overhead reach with the left upper extremity. Additionally, he must avoid excessive vibration to the left upper extremity. He is further limited to simple, routine, and repetitive tasks in a low stress job defined as only occasional decision making, only occasional changes in the work setting, superficial public contact, and occasional interaction with coworkers and occasional supervision. Lastly, he cannot perform tandem tasks. (T. 496).

At the hearing, the ALJ presented VE Jessica Kennard with the foregoing RFC as a hypothetical, and asked whether there would be any jobs in the national economy for an individual with such an RFC.  (T. 564-565).  The VE testified that such person could work as: (1) a small parts assembler, DOT code 706.684-022; (2) a hand packager, DOT code 559.687-074; and (3) an electronics assembler, DOT code 726.687-010. (T. 565).  Finding that there were there are jobs that exist in significant numbers in the national economy for a person with the RFC of Plaintiff, the ALJ determined that Plaintiff was not disabled.  (T. 502-503).

### III.    DISCUSSION

The sole contention raised by the Plaintiff in this action is that the ALJ erred— in Steps 4 and 5—in concluding that Plaintiff was not disabled as the ALJ failed to reconcile the apparent conflict between the VE's testimony— which indicated that Plaintiff could perform jobs which, according to the Dictionary of Titles (DOT), required "frequent reaching"—and the ALJ's RFC—which provided that Plaintiff had

the capacity "less than occasionally" to reach overhead with his left upper extremity. (ECF 8, -1, p. 9).  For the reasons which follow, this Court agrees with Plaintiff.

### A. Legal Standard

#### 1. Standard of Review

In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. It is not this Court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence. *Id*.

#### 2. Legal Standard To Determine Disability

The Commissioner's decision that Plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. See 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014). In considering a disability benefits determination, the ALJ has an affirmative duty to develop the record. *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000). Where the ALJ fails to develop the record, remand is appropriate. *Rosa v. Callahan*, 168 F.3d 72, 82–83 (2d Cir. 1999). The ALJ has a "duty to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 111 (2000) (citation omitted).

### B. <u>Legal Analysis</u>

Social Security Ruling ("SSR") 00-4p, 2000 WL 1898704, which clarifies the Social Security's standards for a VE's role and the responsibility for resolving conflicts in occupational information, provides that:

> Occupational evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT.

> ***When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency***.
>
> Neither the DOT nor the VE or VS evidence automatically 'trumps' when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the VE or VS is reasonable and provides a basis for relying on the VE or VS testimony rather than on the DOT information.

S.S.R. 00-4p, 2000 WL 1898704, at *2 (S.S.A. Dec. 4, 2000) (emphasis supplied).

As this Court has previously recognized, this Ruling:

> [P]laces an affirmative duty on the ALJ to identify and resolve any conflict between the VE's testimony and the DOT before relying on such testimony. Indeed, where there is an unexplained and direct contradiction of the DOT, the expert's testimony does not constitute substantial evidence to support a finding that jobs are available.

*Sammie-Jo A. O. v. Comm'r of Soc. Sec.*, No. 20-CV-273-A, 2021 WL 2451044, at *3 (W.D.N.Y. June 16, 2021) (quotations, citations, and alterations omitted).

Here, the DOTs for each of the jobs identified by the VE (small parts assembler, hand packager, electronics assembler) (T. 565), all require "frequent [that is, from 1/3 to 2/3 of the time] reaching". *See*, DOT code 706.684-022; DOT code 559.687-074; and DOT code 726.687-010. The DOT description for those jobs does not distinguish between overhead reaching and simple reaching. Instead, the term "reaching" is defined by the Administration's Social Security Rulings ("SSRs") as "extending the hands and arms in any direction." SSR 85-15, 1985 WL 56857, *7

(S.S.A. Jan. 1, 1985); *see*, *Lockwood v. Comm'r of Soc. Sec. Admin.*, 914 F.3d 87, 92 (2d Cir. 2019)("In both the 1985 Policy Statement and common usage, 'reaching' includes overhead reaching."); *see also Spears v. Colvin*, No. 15-CV-6236-FPG, 2016 WL 4973890, *3-5 (W.D.N.Y. Sept. 19, 2016) (relying on SSR 85-15 for the definition of "reaching" in finding step five error).

Here, because the RFC limitation found by the ALJ restricted Plaintiff to "less than occasionally overhead reach with the left upper extremity," the ALJ was required to resolve that apparent conflict between such restriction and the DOT relied upon by the VE, which provided for "frequent reaching."

Indeed, "[d]istrict courts in this Circuit considering whether a reaching limitation specific to one arm presents an apparent conflict with the need to 'frequently reach' have overwhelmingly found that it does, and that an ALJ's failure to resolve such conflict at Steps Four and Five of the sequential analysis—as happened here—is reversible error." *Rodrick T. v. Kijakazi*, No. 22-CV-6482-DGL, 2023 WL 6647976, at *3 (W.D.N.Y. Oct. 12, 2023); *see Roderick R. v. Commissioner*, 21-CV-577-TPK, 2023 WL 3642035 (W.D.N.Y. 2023)(ALJ was not entitled to rely on VE's testimony that her opinion was consistent with the DOT, where the positions she identified required frequent reaching, and claimant was limited to occasional reaching with his non-dominant arm); *Ronald S. v. Commissioner*, No. 20-CV-1656-DGL, 2023 WL 21222 (remand is necessary where ALJ did not resolve conflict between VE's testimony that claimant could perform jobs defined by the DOT as requiring frequent reaching, and RFC determination that

7

plaintiff's dominant arm was limited to occasional above-shoulder reaching); *Marjanovic v. Commissioner*, No. 19-CV-246-FPG, 2020 WL 3445676 (W.D.N.Y. 2020)( ALJ committed reversible error in failing to resolve apparent conflict between VE testimony that claimant with overhead reaching restriction for her dominant arm could perform jobs that required frequent reaching); *Woodward v. Commissioner*, 18-CV-414-MJR, 2019 WL 5092126 at *4-*5 (W.D.N.Y. 2019)(remand required where the ALJ failed to resolve a conflict where the DOT entry stated the job required "frequent reaching," but the ALJ's RFC limited claimant to occasional overhead reaching, and thus, remand was "required for reconsideration of the ALJ's findings at steps four and analysis through step five.").

>As the Second Circuit itself recognized in *Lockwood*, 914 F.3d at 94:
>
>In the end, the Commissioner failed to reconcile [the VE]'s testimony that a person with an overhead reaching limitation can perform the three jobs at issue here with the Dictionary's indication that all three jobs require "reaching." [The VE]'s testimony cannot, then, represent substantial evidence capable of demonstrating that [Plaintiff] can successfully perform work in the national economy. It may well be that the apparent conflict between [the VE]'s testimony and the Dictionary is susceptible to easy resolution—if, for example, the reaching involved in the three jobs at issue consists exclusively of lateral or downward reaching. But it is not our role to speculate as to how or whether that conflict might have been resolved had the Commissioner carried out her responsibility to probe such matters. Instead, we must reverse and remand for further proceedings so that the Commissioner may have the opportunity to conduct the requisite inquiry in the first instance.

This Court finds *Lockwood* and the cases cited from this District to be controlling. Because the ALJ did not meaningfully question the VE to resolve the apparent conflict between the ALJ's RFC and the DOT description, or otherwise address the

8

discrepancies between the two in his decision, that decision was not supported by substantial evidence.  Accordingly, remand is required.

## IV.     CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings (ECF 8) is **GRANTED** to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The Commissioner's opposing motion for judgement on the pleadings (ECF 10) is **DENIED**. The Clerk of the Court is directed to close this case.

**IT IS SO ORDERED**.

_s/Richard J. Arcara_
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:  July 17, 2024
        Buffalo, New York